ACCEPTED
05-15-00589-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
9/22/2015 3:36:36 PM
LISA MATZ
CLERK



WWW.SPENCERLAWPC.COM

R. KEVIN SPENCER

ZACHARY E. JOHNSON

BRENDAN P. HARVELL

TIMOTHY J. MILLER

ALEXANDRA L. WALES

MORGAN SPERMAN

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
9/22/2015 3:36:36 PM
LISA MATZ
Clerk

September 22, 2015

**VIA E-FILING**

Fifth Court of Appeals
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, Suite 200
Dallas, Texas 75202-4658

Re: *Estate of Alan Morgan Humphrey, Deceased;*
*Cause No. 05-15-00589-CV – Fifth Court of Appeals*

Dear Fifth Court of Appeals:

On May 8, 2015, Denna Shaw ("Ms. Shaw" or "Appellant"), *pro se*, filed a *Notice of Appeal* in the above-referenced matter seeking to appeal a *Final Judgment* signed and entered by the Dallas County Probate Court, Number Three (the "Probate Court"), in Cause No. PR-13-02943-3 related to an alleged breach of contract. Apparently, as part of her docketing statement, Ms. Shaw included George Alexander Carlson ("Mr. Carlson") as a party to her appeal. However, while a party of record, Mr. Carlson was **not** a party to the underlying breach of contract action in the Probate Court. In fact, Mr. Carlson attempted to intervene in the breach of contract action by filing a *Plea in Intervention, Original Answer and Response to Breach of Contract Claim* (the "Plea in Intervention"), but the Probate Court granted a *Motion to Strike Intervention* filed by Roger Humphrey ("Mr. Humphrey" or "Appellee") and prohibited Mr. Carlson from intervening (since he was not a party to the underlying and disputed contract). As a result, Mr. Carlson was not included in nor was he a party to the bench trial on the breach of contract action in the Probate Court, which is the subject of this appeal. *A true and correct copy of the Final Judgment listing the Parties thereto is attached hereto as Exhibit "A"*.

Despite not being a party to the underlying breach of contract action, Mr. Carlson and his prior counsel, R. Kevin Spencer, Zachary E. Johnson and Brendan P. Harvell, and their law firm, SPENCER LAW, P.C. (collectively, the "Spencer Group"), were included in the *pro se* appellate filings by Appellant. While the Spencer Group has **never** entered an appearance in this appeal, this letter is to serve as notice to the Fifth Court of Appeals that the Spencer Group no longer represents Mr. Carlson in the Probate Court and that the Probate Court has previously signed an *Order Granting Amended Motion to Withdraw as Counsel. A true and correct copy of the Order Granting Amended Motion to Withdraw as Counsel is attached hereto as Exhibit "B"*. As a result, the Spencer Group respectfully requests that the Fifth Court of Appeals remove them from the appellate docket and all future correspondences and filings.

2010 ROSS TOWER, 500 N. AKARD STREET, DALLAS, TX 75201   (214) 965-9999   FAX: (214) 965-9500

If you have any questions, please give me a call.

Sincerely yours,

Brendan P. Harvell

Enclosures

xc:    Alex Carlson               - *VIA E-MAIL*
       Nathan K. Griffin         - *VIA E-FILE*
       Brandy Baxter-Thompson  - *VIA E-FILE*
       Deena Shaw              - *VIA E-MAIL*

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ALAN MORGAN HUMPHREY | § | NUMBER THREE OF |
| | § | |
| DECEASED. | § | DALLAS COUNTY, TEXAS |

## FINAL JUDGMENT

On January 12, 2015, a trial was held in this cause on Roger Humphrey's *Supplement to Defendant's Original Answer to Plaintiff's Original Petition, Counterclaim, and Request for Disclosure* whereby Roger Humphrey asserted a cause of action for Breach of Contract against Denna Shaw. ROGER HUMPHREY ("Roger") appeared through his attorney, Brandy Baxter-Thompson; GEORGE H. ABNEY, Independent Executor of the Estate of Alan Morgan Humphrey, Deceased, ("George") appeared in person and through his attorney of record, Nathan K. Griffin; and DENNA SHAW ("Denna") appeared pro se (collectively, the "Parties"); and all Parties announced ready for trial. No jury having been requested, the matter proceeded to trial before the Court. The Court, having considered the testimony of the witnesses, the documents admitted into evidence, and the arguments of counsel, is of the opinion that Judgment should be entered in favor of the Defendant, Roger Humphrey and Judgment should be entered against Denna Shaw.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the agreement announced in open court on the record on July 22, 2014, is a binding agreement on the parties thereto to read as set forth in Exhibit "A" and is incorporated by reference as if set forth in full herein; that Denna Shaw has failed to perform in accordance with the terms of the agreement; and that Denna Shaw's nonperformance has resulted in damages in the amount of $24,478.45.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the George Abney, as Independent Executor of the Estate of Alan Morgan Humphrey, Deceased, have and recover from Denna Shaw the sum of $24,478.45.

FINAL JUDGMENT — Page 1

PR-13-02943-3
FJ
FINAL JUDGMENT
766641

EXHIBIT
A

Blumberg No. 5119

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that George Abney, as Independent Executor of the Estate of Alan Morgan Humphrey, Deceased, have and recover reasonable and necessary attorneys' fees in the amount of $5,600.00 from Denna Shaw.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Roger Humphrey have and recover his reasonable and necessary attorneys' fees in the amount of $10, 622.50 from Denna Shaw.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment herein rendered shall bear post-judgment interest at the rate of 5% per annum from the date of judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all appropriate writs and other process may issue to enforce this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not expressly granted in this Final Judgment is hereby DENIED.

SIGNED, ORDERED AND ENTERED this _10_ day of ~~January~~ _February_, 2015.

_____
JUDGE PRESIDING

# EXHIBIT "A"

CAUSE NO. PR-13-02943-3

IN THE MATTER OF,                    ) IN THE PROBATE COURT
THE MARRIAGE OF                      )
                                     )
                                     )
ALAN MORGAN HUMPHREY                 ) DALLAS, TEXAS
        Decedent,                    )
and                                  )
DENNA SHAW                           )
        Applicant,                   )
AND IN THE ESTATE OF                 )
ALAN MORGAN HUMPHREY                 )No. 3 JUDICIAL DISTRICT


************************

REPORTER'S RECORD

AGREEMENT

************************


On the 22nd day of July, 2013 the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Associate John Peyton, JUDGE presiding, held in Dallas, Dallas County, Texas:

Proceedings reported by Machine Shorthand.

A P P E A R A N C E S

FOR DECEDENT ALAN MORGAN HUMPHREY
    D. WOODARD GLEN, P.C.
    NATHAN GRIFFIN
    Attorney at Law
    Independent Executor
    2626 Cole Avenue
    Ste. 510
    Dallas, Texas 75204
    214-758-3000


FOR THE APPLICANT DENNA SHAW, INDIVIDUALLY
    STEVEN ALDOUS
    ALDOUS-STEVEN E.
    Attorney at Law
    500 Crescent Court
    Dallas, Texas 75231
    214-716-2100


  FOR THE NECESSARY PARTIES:
    BRANDY BAXTER THOMPSON
    CALLOWAY, NORRIS, BURDETTE, & WEBER, PLLC
    Attorney at Law
    440 Turtle Creek Center
    3811 Turtle Creek Blvd.
    Dallas, Texas 75219

EXAMINATION INDEX

MRS. DENNA SHAW

DIRECT BY MR. GRIFFIN . . . . . . . . . . . . . . 11

CROSS BY MS. THOMPSON . . . . . . . . . . . . . 15

    MR. GEORGE ABNEY
DIRECT BY MR. GRIFFIN . . . . . . . . . . . . . 17

    DR. ROGER LEE HUMPHREY
DIRECT BY MS. THOMPSON . . . . . . . . . . . . 18

    MS. PATRICIA LYNN HUMPHREY
DIRECT BY MS. THOMPSON . . . . . . . . . . . . 19

    MS. PATSY HUMPHREY
DIRECT BY MS. THOMPSON . . . . . . . . . . . . 20

THE COURT: Good morning ladies and gentlemen. You ready to proceed?

MR. ALDOUS: Yes, Your Honor.

THE COURT: If you would announce appearances please, for the record. This is Cause PR-13-2943-3, styled in the Estate of Alan Morgan Humphrey, the number which I just recited is a suit for declaratory judgment versus ancillary to the Estate of Alan Morgan Humphrey.

MR. ALDOUS: Steve Aldous for Petitioner Denna Shaw.

MR. GRIFFIN: Your Honor, Nathan Griffin for George Abney one of the defendants in this matter, the independent executor of the estate of Alan Humphrey.

MS. THOMPSON: Your Honor, Brandy Baxter Thompson, attorney for Roger Humphrey, Sarah Humphrey, Morgan Humphrey. And Your Honor, while I have not made an appearance formerly on the record today, on the record today I appear on behalf of Patsy Humphrey and Pat Humphrey.

THE COURT: Very well. One housekeeping matter that we need to attend to before we continue. That is; my name is John Peyton. I'm hearing this in my capacity as an Associate Judge for the Probate Courts in Dallas County.

Do you and each of you agree that I may hear this in that capacity and that you will agree to waive any appeal that you may have right to appeal that you may have to the elected judge of the court, and an agree to appeal any decision from my court directly to the court of appeals?

MR. ALDOUS: Petitioner so waives.

MR. GRIFFIN: Petitioner, George Abney so waives, Your Honor.

MS. THOMPSON: My client's agree, Your Honor.

THE COURT: Very well. I understand that an agreement has been reached in this matter.

MR. ALDOUS: Yes, Your Honor. The parties to the case have reached an agreement concerning the matters in controversy.

And I'm not sure just exactly how you want, whether or not you'll want to swear Mrs. Shaw in too. We plan on proving it up right now in front of you. And I would let the, counsel, opposing counsel, recite the terms. And I will either agree or we'll discuss it unless you have a different way of proceeding.

MS. THOMPSON: That's fine.

THE COURT: All right.

MR. ALDOUS: Actually, I have it right here. So let me go ahead.

THE COURT: Okay. And if you, when and if you want to elicit any testimony from you client, we will then swear her in. Or if you intend to do it I'll go ahead and swear her in now.

MR. ALDOUS: We'll wait. Your Honor, so the agreement I'm gonna recite the terms of the agreement and hopefully I will recite them correctly. To the extent I don't, I feel comfortable in the fact that counsel will let me know.

In exchange for a release from Denna Shaw and a potential release from Alex Morgan -- I mean, Carlson, sorry. Alex Carlson who is one of the residuary beneficiaries and who is Mrs. Shaw's son. In exchange for a release from those two as flowing to the estate and to the administration of the estate, they will accept a deed for the home at 3650 Asberry, Dallas, Texas 75205 to be further described and Meets and Bounds and for a general warranty deed provided to them jointly.

In exchange for that, Mrs. Shaw will waive any and all claims to the remainder of the estate and that is also contemplated for Alex Carlson. That they will not make anymore claims to any part of the estate cash or any other property of the estate.

All personal property in the possession of

Mrs. Shaw and also Mr. Carlson will remain in their possession other than two silver pheasants which are from the family of Mr. Humphrey.

The sterling silverware set that belonged to Alan Humphrey's grandmother and the Red Fez which is a hat which will also be provided.

Those items will be provided to me at my office to be exchanged with the defense or with the other side at the time the deed is tendered and the releases are provided.

Both sides will agree to pay their own fees and expenses. All parties on the other side of the case have agreed not to participate or actively assist in defense of a medical malpractice case that might be brought on behalf of Mrs. Shaw relating to the death of Alan Humphreys. But we recognize that in the event they are subpoenaed to testified that they will comply with any compulsory of that subpoena. And that would not be a violation of this agreement.

Both sides agreed to execute mutual releases saying they release the other party from any and all claims. All of this is agreed to by Mrs. Shaw, however; Mr. Carlson who is of the age of majority has to consult with his attorney and will have to agree to any of these terms.

An enforcement of this agreement will be subject to the other sides desires and wishes even if, no matter what Mr. Carlson does, in otherwords, it's out of Mrs. Shaw's hands. It is now in the hands of the other side. One moment, Your Honor.

(Short pause in proceedings)

MR. ALDOUS: That's right. The cars which are part of the personal property will remain in the possession of Mrs. Shaw and Mr. Carlson which is the truck and the other car, the Mercedes.

So I believe that states the substance of the agreement. And I'll look for them to add anything else that they feel necessary.

MS. THOMPSON: One thing I would like to correct for the record, Your Honor, is Mr. Aldous reference of the general warranty deed. I don't believe there was a discussion about the specific type of deed.

And I believe our clients would be willing to sign -- or the estate will be willing to sign a deed without warranty or a special warranty deed, not a general warranty deed.

Furthermore, Your Honor, there is a mortgage on the property and we want to make it clear that Mrs. Shaw and her son Alex will be deeded the property

and they will assume all debt related to that house including taxes, insurance, and the mortgage. The estate has paid the mortgage through today and upon the transfer of the deed then Mrs. Shaw and her son Alex will assume all of that debt.

Furthermore, it's my understanding, Your Honor, that all of the parties understand that this will be reduced to writing. There will be a formal settlement agreement that will include the terms and it may also include additional language to further state the claim, state the terms clearer. So that that will be a requirement for all the parties to sign off on.

THE COURT: Mr. Aldous?

MR. ALDOUS: The only thing that I would add is that all outstanding expenses related to the home would be paid up-to-date at the time of the transfer. And that all documents related to the mortgage and all the ongoing expenditures will be provided to us to allow us to continue those payments.

The special warranty deed is fine. The -- reducing it to writing is appropriate. I would also state that one of the terms of the agreement that we've discussed is confidentiality. Other than advisors who assist each of the parties with respect

to taxes and so forth that the terms and agreement made here today will remain confidential other than to those advisors.

And in terms of a deadline for Mr. Carlson to either accept or reject, I did not discuss that with them other than I know that the lawyer he's been consulting with is out until Wednesday. I would ask for -- until midweek next week.

MR. GRIFFIN: How about the end of business on Monday, would that be sufficient?

MR. ALDOUS: I think that's sufficient.

THE COURT: Mr. Griffin?

MR. GRIFFIN: And one other thing, Your Honor, it goes without saying, but I'd say it anyway, that this matter will be dismissed with prejudice.

MR. ALDOUS: Correct.

THE COURT: The action now pending before the court cause number we're talking about today will be dismissed with prejudice.

MR. ALDOUS: Correct.

MR. GRIFFIN: Correct.

THE COURT: All right. Mr. Aldous does the recitation into the record this morning, does that recite the entire agreement of the parties?

MR. ALDOUS: It does. And at this time, I

call Denna Shaw.

THE COURT: We will get to you. Mr. Griffin does the recitation recite the entire agreement of the parties?

MR. GRIFFIN: It does, Your Honor.

THE COURT: Mrs. Brandy Baxter Thompson, same question?

MS. THOMPSON: Yes, Your Honor.

THE COURT: All right. Mrs. Shaw, if you'll come forward up here and take the witness stand. Raise your right hand. Please be seated and speak directly into that microphone.

THE WITNESS: Okay.

MR. GRIFFIN: Ma'am, if you would, the young lady that's right in front of you is taking down your testimony needs to hear everything you have to say. So make sure you speak loud enough for her to hear. All right.

THE WITNESS: Okay.

MRS. DENNA SHAW, having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. GRIFFIN:

Q. You understand that we're here today to prove up a resolution of your claims against the estate to

establish you as the common law spouse of Alan Humphreys?

A. Yes.

Q. And you understand that you've agreed to accept the home at 3650 Asberry paid up-to-date at the time of the transfer to you in exchange for waiving any other claims you might have against the estate?

A. Correct.

Q. And you understand that your son Alex has to have his own separate agreement to also agree to have that home deeded to both you and he?

A. Yes.

Q. And you understand that Alex is going to consult with a lawyer to protect his own rights?

A. Yes.

Q. And you also understand that you'll be provided a special warranty deed which is a type of deed in exchange for a release from you, releasing all those parties related to the estate?

A. I understand I have a deed. I don't know the differences between them.

Q. Okay. I understand that. Other than the part about the type of deed though you understand you'll be getting the property, and you'll be releasing people?

A.   Correct.

Q.   And you understand that you will have no further claims against the estate after this proceeding, after this agreement, if it becomes final?

A.   This only pertains to me, correct?

Q.   That's correct.

A.   Correct.

Q.   Now, you also understand that the cars that are in your possession will remain in your possession and will remain yours?

A.   Yes.

Q.   You also understand that the personal property in your possession will remain in your possession other than the two silver pheasants, the sterling silverware set that belonged to Alan's grandmother and the Red Fez, you understand that; right?

A.   Yes, sir.

Q.   And you understand that you're gonna deliver those to me so that I can provide those to the other side at the consummation of this settlement?

A.   Yes.  But may I say something on the record?

Q.   Sure.

A.   I've not been able to locate the hat they're talking about.

Q. All right. Well, you agree here on the record to make a diligent search, that means, to search as much as you can to find whatever it is that they've asked for?

A. Yes, sir.

Q. All right. And you also understand that both sides have agreed to pay their own fees and expenses. In other words, you cannot ask them to pay any of my fees and expenses. And they cannot ask you to pay any of their fees and expenses?

A. Yes.

Q. And you also understand that as part of this, the parties on the other side have agreed not to actively assist or help any defendant in a potential medical malpractice case that you might file on behalf -- on your behalf, against those who treated Alan prior to his death?

A. Yes.

Q. And you understand that, they, if they are subpoenaed to testify or otherwise compelled to testified that that would not be a breach of this agreement?

A. Yes.

Q. And you understand that as part of the settlement agreement, lawyers typically sit down and

type out a settlement agreement and present it to each party for signature. And you understand that that's part of what the process will be here?

A. Yes, sir.

Q. All right. With all that said, do you agree to resolve the case as we've discussed?

A. Yes.

MR. ALDOUS: I pass the witness, Your Honor.

THE COURT: Any questions for this witness?

MR. GRIFFIN: No question, Your Honor.

MS. THOMPSON: Mrs. Shaw, I just have a couple of quick questions for you.

CROSS-EXAMINATION

BY MS. THOMPSON:

Q. The agreement that your attorney just went over with you, you've discussed that with him, correct?

A. Yes.

Q. Okay. And do you understand all of the terms that he has outlined for you?

A. I think I do.

Q. Okay. You understand that today by stating, you know, on the record that you are in agreement with this and that this is a binding agreement and it's irrevocable?

A.   I understood that ya'll could revoke it if you wanted to.

Q.   But do you understand that you cannot, that you're bound by the agreement, and that you cannot revoke it once you have agreed, you consented to it; correct?

A.   Yes.

Q.   Okay.

MS. THOMPSON:   Nothing further, Your Honor.

THE COURT:   Mr. Aldous?

MR. ALDOUS:   Nothing further, Your Honor.

THE COURT:   Ladies and gentlemen, I believe that concludes the hearing.

MR. GRIFFIN:   Your Honor, I think we'd like to call our folks just to make sure everybody agrees.

THE COURT:   Okay.   You may.   You most certainly may.

MS. THOMPSON:   Your Honor, would you like for us to call the clients up one at a time to testify or would it --

MR. ALDOUS:   I have no objection to having them stand up there and nod at the witness stand, if the court reporter can hear it.

THE COURT:   All right.   If ya'll would all stand up and accept the oath.   Raise your right hands.

(The witnesses were sworn)

THE WITNESSES: Yes.

THE COURT: You may proceed.

MR. GRIFFIN: I only have one client.

MR. GEORGE ABNEY,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. GRIFFIN:

Q. Mr. Abney, you are the Independent Executor of the Estate of Alan Humphrey, are you not?

A. Yes, sir.

Q. You heard the terms of this agreement that Mrs..Shaw testified to this morning, did you hear that?

A. I did, sir.

Q. Is that the agreement that we have discussed in this matter?

A. Yes, sir.

Q. Is that the agreements that you've agreed to in this matter?

A. Yes, sir.

Q. You consulted with me as well as the other parties in this matter. And you believe it's in the best interest of this estate?

A. Yes, sir.

MR. GRIFFIN: Pass the witness, Your Honor.

MR. ALDOUS: No questions.

MS. THOMPSON: No questions.

DR. ROGER LEE HUMPHREY,

having been first duly sworn, testified as follows:.

DIRECT EXAMINATION

BY MS. THOMPSON:

Q. Would you have state your full name, please?

A. Dr. Roger Lee Humphrey.

Q. And Dr. Humphrey have you, you heard all of the testimony provided earlier regarding the terms of the settlement with respect to the estate of Alan Humphrey?

A. I do.

Q. And you consulted with me, your attorney, regarding those terms?

A. I have.

Q. And you do you agree and consent to the settlement that has been outlined in the courtroom today?

A. I do.

Q. Okay. And you also have a power of attorney for your son Morgan Humphrey and your daughter Sarah Humphrey?

A. I do.

Q. And you've also consulted with both of them about this?

A. I have.

Q. And do they consent through you to the terms of this settlement agreement?

A. They do.

Q. Okay. Would you state --

MS. THOMPSON: No further questions.

MR. GRIFFIN: No questions.

MR. ALDOUS: No questions.

THE COURT: Call your next witness.

PATRICIA LYNN HUMPHREY, having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MS. THOMPSON:

Q. Mrs. Humphreys, would you state you full name for the record?

A. Patricia Lynn Humphrey.

Q. And Mrs. Humphrey, you have heard all the terms of the settlement agreement?

A. Yes.

Q. And you consulted with me regarding those terms?

A. Yes.

Q. And you agree and consent to the terms as

outlined today in the courtroom?

A. I do.

MS. THOMPSON: I pass the witness.

MR. ALDOUS: No questions.

MR. GRIFFIN: No questions, Your Honor.

MS. THOMPSON: Mrs. Humphrey.

THE WITNESS: Patsy Harrison Humphrey.

PATSY HUMPHREY,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MS. THOMPSON:

Q. And Mrs. Humphrey, you heard the testimony today and all of the terms that regarding the settlement agreement with respect to the claims that have been made in the estate of Alan Humphrey?

A. I have.

Q. And you've discussed those terms with me?

A. Yes, I have.

Q. Do you agree and consent to the terms of the settlement?

A. Yes, I do.

MS. THOMPSON: Pass the witness.

MR. ALDOUS: No questions.

MR. GRIFFIN: No question, Your Honor.

THE COURT: All right. Anything further?

MS. THOMPSON: I have no further witnesses, Your Honor.

MR. GRIFFIN: Nothing further, Your Honor.

MR. ALDOUS: I'll close.

THE COURT: Everybody rest and close?

MS. THOMPSON: Close.

MR. GRIFFIN: Yes, Your Honor.

MR. ALDOUS: Close.

THE COURT: I assume there's no argument?

MS. THOMPSON: None.

MR. GRIFFIN: None.

MR. ALDOUS: None, Your Honor.

THE COURT: Now, we're finished.

MR. ALDOUS: Thank you, Your Honor.

THE COURT: Thank you all for your efforts in this case. I know it has been a somewhat arduous undertaking.

MR. GRIFFIN: Thank you.

MS. THOMPSON: Thank you, Judge.

MR. ALDOUS: Thank you, Judge, for indulging us.

(End of proceedings 9:57 a.m.)

STATE OF TEXAS )

COUNTY OF DALLAS )

I, Micaela Ynostrosa, Deputy Certified Court Reporter in and for Probate Court No. 3 of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is    and was paid/will be paid by.

WITNESS MY OFFICIAL HAND this the 11th day of August, 2013.

_____
Micaela Ynostrosa, Texas CSR 2869
Expiration Date:  12/01/15
State of Texas, County of Dallas
1232 Hollywood Avenue
Dallas, Texas 75208
214-336-6283


# ORIGINAL

CAUSE NO. PR-13-02943-3

| | | |
|---|---|---|
| IN RE: ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ALAN MORGAN HUMPHREY, | § | NUMBER THREE OF |
| | § | |
| DECEASED | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING AMENDED MOTION TO WITHDRAW AS COUNSEL

On this day, the Court considered R. Kevin Spencer, Zachary E. Johnson, Brendan P. Harvell, and SPENCER LAW, P.C.'s *Amended Motion to Withdraw as Counsel* (the "Amended Motion") for GEORGE ALEXANDER CARLSON. The Court, having reviewed the pleadings, and having heard any and all objections, finds that the *Amended Motion* should in all things be **GRANTED**.

**IT IS THEREFORE ORDERED** that R. Kevin Spencer, Zachary E. Johnson, Brendan P. Harvell and SPENCER LAW, P.C. are all hereby allowed to withdraw as attorneys and are hereby fully and completely discharged as attorneys of record for GEORGE ALEXANDER CARLSON and of all other duties and obligations in this case.

**SIGNED AND ORDERED** this ____ day of _____, 2015.

John B. Peyton Associate Judge
of the Probate Courts
of Dallas County, Texas
*Sitting by assignment*

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – Solo Page

PR – 13 – 02943 – 3
COWA
ORDER – WITHDRAW ATTORNEY
902260

EXHIBIT
Blumberg No. 5119
B